**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2176
_____

VALETTE J. CLARK; MICHAEL CLARK;
PHILLIP CLARK; KRISTINA CLARK,
Appellants

v.

KEVIN D. CLARK, M.D.; SHARON E. CLARK;
OPHTHALMOLOGY ASSOCIATES OF OSBORNE, INC.; MARK R. ALBERTS,
Esq., Gentile, Horoho and Avalli, P.C.; JUDGE KATHLEEN R. MULLIGAN;
DANIEL H. GLASSER, Esq., Pollock, Begg, Komar and Glasser & Vertz P.C.;
C. KURT MULZET, Esq., Raphael, Ramsden and Behers, P.C.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-01328)
District Judge:  Honorable David S. Cercone
_____

Submitted on Appellee the Honorable Kathleen R. Mulligan's Motion for Summary
Affirmance, and by the Clerk for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2016
Before: AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 22, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Valette Clark and her adult children ("Appellants") appeal pro se from the District Court's order dismissing their amended complaint in this civil action brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). One of the appellees — the Honorable Kathleen R. Mulligan of the Family Division of the Allegheny County Court of Common Pleas — has moved to summarily affirm the District Court's dismissal of the claims against her, and our Clerk has listed the entire appeal for possible summary action. For the reasons that follow, we will grant Judge Mulligan's motion and we will summarily affirm the District Court's decision in its entirety.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. In 2015, Appellants commenced this pro se action by filing in the District Court a complaint and an accompanying motion to proceed in forma pauperis ("IFP"). Appellants later filed a second IFP motion and an amended complaint, naming Kevin Clark (Valette Clark's ex-husband), his current wife, his medical practice, several lawyers, and Judge Mulligan as defendants. The 163-page amended complaint was brought pursuant to RICO's civil remedy provision, 18 U.S.C. § 1964, and claimed that the defendants had committed numerous RICO violations. The allegations revolved around various protracted legal proceedings in the Allegheny County Court of Common Pleas involving Appellants and Kevin Clark. The gist of those allegations was "that the lengthy, expensive, and largely ineffectual [state court] litigation process was the design of Defendants via a common scheme to generate legal fees and

2

costs for the government and private parties, and to preserve the assets of Kevin Clark." (Dist. Ct. Mem. Op. entered Apr. 25, 2016, at 6 [hereinafter Dist. Ct. Op.].) Appellants claimed that the defendants' racketeering scheme was facilitated by numerous "Co-Conspirators," including other judges on the Allegheny County Court of Common Pleas, a psychologist who provided child custody evaluations to that court, a court-appointed therapist, a court records employee, and a facility that oversaw supervised visits between Kevin Clark and his children. In light of these allegations, Appellants sought declaratory relief and damages.

Shortly after Appellants filed their amended complaint, the District Court granted them IFP status and screened that pleading pursuant to 28 U.S.C. § 1915(e)(2)(B). At the conclusion of that screening, the District Court held that the amended complaint failed to state a claim upon which relief could be granted. As a result, the District Court dismissed the amended complaint with prejudice. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal of Appellants' amended complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may take summary action if it clearly appears that this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

For a pleading to survive dismissal, it must, inter alia, "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require that the

3

pleading show "more than a sheer possibility that a defendant has acted unlawfully." Id. That is, the pleading must set forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] [of the claim(s)]." Connelly v. Lane Constr. Corp., 809 F.3d 780, 789 (3d Cir. 2016) (first alteration in original) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)). Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In this case, the District Court determined that "Plaintiffs' RICO claims and assertion of the existence of [a racketeering enterprise] are not based on sufficient facts to make entitlement to recovery plausible." (Dist. Ct. Op. 11.) The District Court explained that "Plaintiffs' attempt to establish that the relationship between the diverse defendants and the positions they occupied in this case was deeper than that of ordinary parties to acrimonious litigation is nothing more than pure speculation." (Id.) The District Court further stated that "[i]t strains credulity to believe in the existence of a subterfuge of such scope based on the fact that Plaintiffs failed to receive their desired outcome in state court." (Id.)

Having reviewed the record, and for substantially the reasons provided by the District Court in its opinion, we agree with the District Court's determination that Appellants' amended complaint fails to present plausible RICO claims.[1] Because this

---

[1] In light of our conclusion here, we need not examine the District Court's determination that some of the defendants were shielded from this lawsuit pursuant to the doctrines of

4

appeal does not present a substantial question, we hereby grant Judge Mulligan's motion

for summary affirmance, and we will summarily affirm the entirety of the District Court's

April 25, 2016 order dismissing Appellants' amended complaint with prejudice.

judicial immunity and quasi-judicial immunity.